UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Allstate Property and Casualty Insurance
Company, Allstate Indemnity Company, and
Northbrook Indemnity Company,

   Plaintiffs,

v.                   Civil No. 09-3681 (JNE/JJK)
                    ORDER

Linea Latina De Accidentes, Inc., Cristina
Suarez, Mobile Care Chiropractic, PLLC,
Kristi Lea Zimmerman, D.C., Advanced Injury
Specialists, LLC, Renewal Bodyworks, LLC,
Scott A. Allan, D.C., and Alex Prigoda,

   Defendants.

   Invoking diversity, federal question, and supplemental jurisdiction, Plaintiffs allege that Defendants violated federal and state law. The Court will hear Defendants' Motion to Dismiss on Thursday, May 6, 2010. Pursuant to its independent obligation to determine whether subject matter jurisdiction exists, *Sac & Fox Tribe of the Mississippi in Iowa, Election Board v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990), the Court observes that Plaintiffs have not properly asserted diversity jurisdiction. The Court directs Plaintiffs to be prepared to address the jurisdictional foundations of this action at the hearing on May 6.

   "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the parties invoking diversity jurisdiction, Plaintiffs bear the burden of establishing the citizenship of all parties. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v.*

1

*Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).  The Court turns to Plaintiffs' allegations of the parties' citizenship.

*Plaintiffs*

Plaintiffs state that they are incorporated under the laws of Illinois and that their principal places of business are in Illinois.  Thus, Plaintiffs properly allege their own citizenship.  *See* 28 U.S.C. § 1332(c)(1) (2006) (stating that, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (concluding that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities").

*Linea Latina De Accidents, Inc.*

Plaintiffs allege that Linea Latina De Accidentes, Inc. (Linea Latina), is a Minnesota corporation, that Linea Latina has a business address in Minnesota, and that the business address is "a post office box mail drop."  Plaintiffs have failed to allege the state where Linea Latina has its principal place of business.  *See Friend*, 130 S. Ct. at 1195.  Consequently, Plaintiffs have not properly alleged Linea Latina's citizenship.

*Mobile Care Chiropractic, PLLC, and Advanced Injury Specialists, LLC*

Plaintiffs state that Mobile Care Chiropractic, PLLC (Mobile Care), and Advanced Injury Specialists, LLC (Advanced Injury), are "Minnesota § 319B corporation[s]," that Mobile Care's and Advanced Injury's places of business are in Minnesota, and that the addresses of the places of business are post office box mail drops.  The Court questions whether the allegations with respect to Mobile Care's and Advanced Injury's corporate status are correct.  Because "PLLC" appears in Mobile Care's name and "LLC" appears in Advanced Injury's name, Mobile Care and

Advanced Injury are apparently limited liability companies. *See* Minn. Stat. § 319B.05, subd. 2 (2008). A database available on the website of the Minnesota Secretary of State indicates that Mobile Care and Advanced Injury are limited liability companies.[1] *Cf. Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003) (noting court consulted databases available on the Internet to ascertain jurisdictional details before oral argument).

For purposes of diversity jurisdiction, a limited liability company's citizenship is not determined according to § 1332(c)(1). *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). Instead, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit*, 357 F.3d at 829. Plaintiffs identify the "purported owner[s]" of Mobile Care and Advanced Injury, but Plaintiffs do not identify Mobile Care's and Advanced Injury's members. In the absence of this information, Plaintiffs have not properly alleged the citizenship of Mobile Care and Advanced Injury.

*Renewal Bodyworks, LLC*

Plaintiffs allege that Renewal Bodyworks, LLC, "is incorporated in Minnesota as a § 322B corporation" and that its business address is in Minnesota. The Court questions whether Renewal Bodyworks is a corporation. Because "LLC" is in its name, Renewal Bodyworks is apparently a limited liability company. *See* Minn. Stat. § 322B.12, subd. 1(2) (2008). The database on the Minnesota Secretary of State's website indicates that Renewal Bodyworks is a limited liability company. Plaintiffs identify an owner of Renewal Bodyworks, but they do not identify the members of Renewal Bodyworks. In the absence of this information, Plaintiffs have not properly alleged the citizenship of Renewal Bodyworks.

---

[1] "Advanced Injury Specialists PLC" and "MobileCare Chiropractic PLLC" appear in the database.

*Individual defendants*

Plaintiffs allege that Cristina Suarez, Kristi Lea Zimmerman, D.C., Scott A. Allan, D.C., and Alex Prigoda are residents of Minnesota. Plaintiffs also allege that Prigoda "is a Russian born gentleman" who "resides in Florida." For purposes of diversity jurisdiction, residence and citizenship are not synonymous. *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker*, 108 F.3d at 161; *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Having failed to allege the citizenship of Defendants, Plaintiffs have not satisfied their burden of establishing diversity jurisdiction. Whether diversity jurisdiction exists is an issue that might be consequential in the resolution of Defendants' Motion to Dismiss. Defendants have moved to dismiss all claims. The exercise of supplemental jurisdiction is discretionary. 28 U.S.C. § 1367(c) (2006); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009). The exercise of diversity jurisdiction is not. Plaintiffs shall be prepared to address the jurisdictional foundations of this action at the hearing on May 6. In particular, Plaintiffs shall be prepared to address whether they anticipate an amendment to their Complaint to properly assert diversity jurisdiction. *See* 28 U.S.C. § 1653 (2006); *Dubach*, 135 F.3d at 593.

IT IS SO ORDERED.

Dated: April 29, 2010

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge