UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Allstate Insurance Company, d/b/a Allstate
Property and Casualty Insurance Company,
d/b/a Allstate Indemnity Company,
d/b/a Northbrook Indemnity Company,
Farmers Insurance Exchange, d/b/a Illinois
Farmers Insurance Company, d/b/a Mid
Century Insurance Company, d/b/a Bristol
West Insurance Company,

       Plaintiffs,

v.

       Civil No. 09-3681 (JNE/JJK)
       ORDER

Linea Latina De Accidentes, Inc., Cristina
Suarez, Mobile Care Chiropractic, PLLC,
Kristi Lea Zimmerman, D.C., Advanced
Injury Specialists, LLC, Renewal
Bodyworks, LLC, Scott A. Allan, D.C.,
Alex Prigoda, and Morningstar Home Care,

       Defendants.

Plaintiffs filed an Amended Complaint on the Court's Electronic Case Filing System.

Attached to the Amended Complaint were more than 160 pages of exhibits.  The exhibits

disclosed birth dates, names of minors, financial account numbers, and at least one social

security number.  Rule 5.2 of the Federal Rules of Civil Procedure states:

> Unless the court orders otherwise, in an electronic or paper filing with the
> court that contains an individual's social-security number, taxpayer-identification
> number, or birth date, the name of an individual known to be a minor, or a
> financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification
> number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

1

Fed. R. Civ. P. 5.2(a); *see* D. Minn. Elec. Case Filing Procedures Guide, Civil Cases, § III.

"[T]he official record of a state-court proceeding" is exempt from the redaction requirement.

Fed. R. Civ. P. 5.2(b)(3); *see* D. Minn. Elec. Case Filing Procedures Guide, Civil Cases,

§ III(B)(3)(c).

Several days after Plaintiffs had filed the Amended Complaint, Defendants filed a Joint

Motion to Dismiss or Strike Plaintiffs' Amended Complaint and to Seal the Amended Complaint

for Plaintiffs' Violations of Fed. R. Civ. P. 5.2 (Regarding Redaction of Certain Personal &

Financial Information). Citing *Engeseth v. County of Isanti*, 665 F. Supp. 2d 1047 (D. Minn.

2009), Defendants moved the Court "to seal the amended complaint due to Plaintiffs' failure to

comply with the redaction requirements of Rule 5.2 and the Court's Civil Electronic Case Filing

Procedures." Several weeks later, Defendants filed a memorandum in support of their motion.

In it, Defendants quoted Rule 5.2(a), cited examples of violations of Rule 5.2(a) in the exhibits to

the Amended Complaint, and noted that, in *Engeseth*, this District had sanctioned an attorney for

violating Rule 5.2(a). Counsel for Plaintiffs did nothing to remedy the fact that they had placed

confidential, personal information on the Electronic Case Filing System, thereby making the

information available on the internet, perhaps permanently. Plaintiffs' response to Defendants'

motion showed no sense of urgency or comprehension of what had been done:

### K.  THERE IS NO REASON TO SEAL THE AMENDED COMPLAINT.

Fed. R. Civ. P. 5.2(a) requires the redaction of certain information from
pleadings. Defendants allege that certain information was contained in the
Plaintiffs' Amended Complaint that should have been redacted.

Plaintiffs redacted a substantial amount of information from the Amended
Complaint and attached exhibits. To the extent any information that should have
been redacted was not, this was purely an oversight and was not at all willful
conduct by Plaintiffs or counsel. Defendants have noted 3 instances in which they
allege information was not redacted. In at least one instance, Defendants are in
error. As far as bank account information, Plaintiffs have only included
information obtained as public record from the Hennepin County Court System.

> To the extent further redaction is necessary, Plaintiffs request leave to re-file those documents.

(Citations omitted.)

A few months after they had received notice of violations of Rule 5.2(a) and several weeks after their attention had been directed to examples of those violations, Plaintiffs still had done nothing to redress the violations. Responding to the Court's query at the hearing on Defendants' motion, Plaintiffs' counsel stated that "clerical mistakes" had occurred; that Plaintiffs had attempted to make all redactions required by Rule 5.2(a); and that Plaintiffs would gladly make any corrections. He acknowledged that Plaintiffs had not redressed the violations and apologized.

Mistakes will happen. However, given that Plaintiffs' attention had actually been directed to violations of Rule 5.2(a), the Court found their counsel's response "extremely concerning" and indicative of a failure to take seriously the interests protected by Rule 5.2(a). The Court gave a hard copy of the *Engeseth* opinion to Plaintiffs' counsel and directed him to propose, by letter, an appropriate remedy.

In the letter, counsel apologized for failing to redact information related to two individuals: "Based on a misunderstanding between me and my staff, I believed that the mistake had been promptly corrected. It was not and I accept the responsibility as the attorney of record in this matter." Along the lines of *Engeseth*, counsel proposed that "[his] law firm write to the two individuals affected and advise them that private information was inadvertently made public and that they will receive, free of charge, the FICO standard services which includes a choice of

3

credit reports and a 12 month subscription to FICO quarterly monitoring."[1]  He also proposed

that his law firm make a $500 contribution to Second Harvest Heartland.

The letter places Plaintiffs' counsel in a precarious position:  Plaintiffs' written response

to Defendants' motion, quoted above, is inconsistent with a belief that "the mistake had been

promptly corrected."  Moreover, the letter fails to acknowledge that the violations of Rule 5.2(a)

are not limited to two individuals.[2]

Less than seven hours after the conclusion of the hearing on Defendants' motion,

Plaintiffs filed another set of exhibits to the Amended Complaint.  This set of exhibits contained

a significant number of additional redactions.[3]  However, it appears that Plaintiffs made the

additional redactions by using Adobe Acrobat's rectangle tool to place black-filled rectangles

over certain information.  This is not an effective method of redaction because the rectangles can

be deleted, thereby exposing the underlying information.[4]

Notwithstanding notice of violations of Rule 5.2(a) and ample opportunity to correct

them, Plaintiffs' attorneys made no attempt to redress the violations until after they had appeared

before the Court.  The Court should not have to tell an attorney that it is "necessary" to make

redactions required by Rule 5.2(a).  The Court could order Plaintiffs to file a set of the exhibits

under seal without redaction and to file a redacted version for the public record.  *See* Fed. R. Civ.

---

[1]     In *Engeseth*, the credit monitoring services were ultimately provided by Experian. Affidavit of Vincent J. Moccio Regarding this Court's Order Dated October 20, 2009, *Engeseth v. County of Isanti*, Civ. No. 06-2410 (D. Minn. Oct. 12, 2010).

[2]     It appears that Rule 5.2(b)(3) applies to the financial account numbers.

[3]     Rule 5.2(a) did not require many of the additional redactions that Plaintiffs made. For instance, Plaintiffs redacted the names of individuals who are not minors.

[4]     With a few keystrokes, the Court deleted the rectangles.  For obvious reasons, the Court declines to describe the keystrokes here.

P. 5.2(d).  But at this point the Court has no confidence that Plaintiffs' attorneys would, if given

another opportunity, make the required redactions.  Plaintiffs' attorneys have demonstrated their

inability, in this case, to comply with Rule 5.2(a).  To the extent any exhibits to the Amended

Complaint have not yet been sealed, the Court places them under seal.  Sealed documents are

anathema to a public court system, but the Court cannot stand idly by while its filing system

imperils innocent strangers to the litigation.

"Parties must remember that any personal information not otherwise protected by sealing

or redaction will be made available over the internet."  Fed. R. Civ. P. 5.2 advisory committee's

note.  Every federal district has now embraced electronic filing.  The days of attorneys being able

to ignore the computer and shift blame to support staff in the event of an error are gone.  The

consequences are simply too serious.  To the extent there are attorneys practicing in federal court

who are under the impression that someone in the Clerk's office will comb their filings for errors

and call them with a heads-up, the Court delivers this message:  It is the responsibility of *counsel*

to ensure that personal identifiers are properly redacted.[5]  The Court does not have the resources

to review and correct filings.  The days of paper filings—with accessibility to files limited not by

law but by the practical challenges of driving downtown, paying for parking, checking out the

file, and paying the friendly clerk of court to make copies—are gone.  Attorneys who are slow to

change run the very real risk of sanctions.

In this case, the Court imposes the following sanctions under its inherent power.

Plaintiffs' counsel are ordered to notify, in writing, individuals whose social security numbers,

birth dates, and names were disclosed in violation of Rule 5.2(a) of the improper disclosure of

---

[5]      "The clerk is not required to review documents filed with the court for compliance with
this rule.  The responsibility to redact filings rests with counsel and the party or non-party
making the filing."  Fed. R. Civ. P. 5.2 advisory committee's note.

their personal information.  Plaintiffs' counsel are ordered to provide each individual whose

social security number or date of birth was improperly disclosed with credit monitoring.

Plaintiffs' counsel shall make a payment of $300 to Second Harvest Heartland.

These sanctions are meant to punish the violations of Rule 5.2(a), to deter future

violations, and to remind counsel of the interests of dependent parties.  The Court closes by

repeating the concerns expressed in *Engeseth*:

> The Court is deeply concerned with the harmful and widespread ramifications
> associated with negligent and inattentive electronic filing of court documents.
> Although electronic filing significantly improves the efficiency and accessibility
> of our court system, it also elevates the likelihood of identity theft and damage to
> personal privacy when lawyers fail to follow federal and local rules.

665 F. Supp. 2d at 1048.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.      The Clerk of Court shall seal attachments 1 and 2 to Docket No. 34.  The
        Clerk of Court shall also seal Docket Nos. 35, 36, 37, 51, 52, and 53.

2.      By December 3, 2010, Plaintiffs' counsel shall:

        a.      notify in writing each individual whose social security number,
                date of birth, or name was disclosed in violation of Rule 5.2(a) of
                the improper disclosure; and

        b.      notify in writing each individual whose social security number or
                date of birth was improperly disclosed that the individual may
                receive, at no cost to the individual, a subscription for 12 months to
                Experian's Triple Advantage Credit Monitoring, unless the
                individual responds in writing by December 10, 2010, that he or
                she does not wish to receive it.

3.      By December 10, 2010, Plaintiffs' counsel shall provide a subscription for
        12 months to Experian's Triple Advantage Credit Monitoring to each
        individual whose social security number or date of birth was improperly
        disclosed, except those individuals who respond in writing by December
        10, 2010, that they do not wish to receive the service.

4.    By December 10, 2010, Plaintiffs' counsel shall pay $300 to Second Harvest Heartland, 1140 Gervais Avenue, St. Paul, MN  55109.

5.    Plaintiffs' counsel shall appear before the Court at 9:30 a.m. on Thursday, December 15, 2011, to report on the status of the credit monitoring.

Dated:  November 24, 2010

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge